**RESERVE MINING COMPANY, Armco Steel Corporation, Republic Steel Corporation, and City of Silver Bay, et al., Petitioners,**

**and**

**United Steelworkers of America, AFL–CIO, Intervenor,**

**v.**

**MINNESOTA POLLUTION CONTROL AGENCY and Robert L. Herbst, Commissioner of the Department of Natural Resources, State of Minnesota, Respondents,**

**and**

**Warren Spannaus, Attorney General, State of Minnesota, Save Lake Superior Association, Sierra Club, Minnesota Public Interest Research Group, and Minnesota Environmental Control Citizens Association, Intervenors.**

No. Civ. 5–77–63.

United States District Court,
D. Minnesota,
Fifth Division.

Aug. 5, 1977.

Edward T. Fride, Hanft, Fride, O'Brien & Harries, Duluth, Minn., O. C. Adamson, II, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Maclay R.

**1192**

Hyde, Lindquist & Vennum, Minneapolis, Minn., for Reserve Mining.

William T. Egan, Rider, Bennett, Egan, Johnson & Arundel, Minneapolis, Minn., for Republic Steel.

G. Alan Cunningham, Faegre & Benson, Minneapolis, Minn., for Armco Steel Co.

John G. Engberg, Helgesen, Peterson, Engberg & Spector, Minneapolis, Minn., for United Steel Workers of America.

Warren Spannaus, Atty. Gen., State of Minnesota, Byron E. Starns, Chief Deputy Atty. Gen., State of Minnesota, St. Paul, Minn., for State of Minnesota.

Howard J. Vogel, St. Paul, Minn., for Environmental Groups.

Charles K. Dayton, Dayton, Herman & Graham, Minneapolis, Minn., for Save Lake Superior Assn. & Sierra Club.

Michael H. Ferring, U. S. Army Corps of Engineers, St. Paul, Minn., for U. S. Corps of Engineers.

Michael Milgrom, Minneapolis, Minn., for Minnesota Public Interest Research Group.

Elliot C. Rothenberg, St. Louis Park, Minn., for Minnesota Environmental Association.

Eldon G. Kaul, Asst. Atty. Gen., Roseville, Minn., for Pollution Control Agency.

Morris M. Sherman, Minneapolis, Minn., for Department of Natural Resources.

### ORDER OF REMAND

DEVITT, Chief Judge.

Petitioners seek remand of this case to the state court whence it was removed.

In mid-1976, petitioners appealed to the Lake County, Minnesota, district court decisions by the Department of Natural Resources and the Pollution Control Agency which denied permits necessary for the construction of an on-land disposal facility at Milepost Seven. After receiving evidence, the court ordered the state agencies to issue the permits sought by petitioners and that decision was affirmed with directions by the Minnesota Supreme Court and remanded to the district court. On July 26, 1977, that court issued an amended order to show cause which directed the parties to get together to try to settle any remaining disputes concerning the restrictions in the permits and to set down in writing those that could not be settled. A hearing on the remaining problems was to be held on Friday, July 29, 1977.

All necessary permits were issued by the state agencies by July 27 but petitioners contend that the restrictions contained in them are in violation of the directives of the Minnesota Supreme Court.

Immediately after the Lake County district court issued its show cause order, respondents filed a petition for removal contending that petitioners are now trying to litigate in state court matters properly within the jurisdiction of the federal court.

Generally, the removal statute requires a defendant to remove within thirty days of receipts of the initial pleading, 28 U.S.C. § 1446(b). Respondents submit however that this cause is properly removed, even though the petition was filed more than one year after the lawsuit commenced, because it was only after the show cause order was issued that it became apparent that the cause was "one which . . . has become removable." 28 U.S.C. § 1446(b). Respondents contend that the show cause order and certain documents recently filed by petitioners raise for the first time at the state level the propriety and validity of certain air quality standards, heretofore the subject of the federal lawsuit.

Reserve has moved to remand.

Respondents make two arguments attempting to justify this court's jurisdiction. First, they argue that the issue of air standards for Reserve's discharge has been litigated in the federal court, thus the order to show cause in the state court proceeding raises a separate and independent cause of action that could have originally been brought in this federal district court.

■ Clearly, the issue of whether the agencies have complied with the state court orders is a matter for the state court. It is not for the federal court to determine com-

pliance or non-compliance with orders of Minnesota courts. On this basis, the matter has been removed improvidently.

Secondly, counsel for respondents urge that the court has jurisdiction in this matter because the issue now raised is part of the original federal lawsuit in which they and the federal government secured an injunction halting Reserve's discharge into the water, and limiting its discharges into the air. In modifying the original trial court injunction, the United States Court of Appeals for the Eighth Circuit imposed a court-fashioned ambient air standard:

> Reserve at a minimum must comply with APC 1 and 5. Furthermore, Reserve must use such available technology as will reduce the asbestos fiber count in the ambient air at Silver Bay below a medically significant level. According to the record in this case, controls may be deemed adequate which will reduce the fiber count to the level ordinarily found in the ambient air of a control city such as St. Paul.

*Reserve Mining Co. v. Environmental Protection Agency*, 514 F.2d 492, 538–539 (8th Cir. 1975). The standard is a federally imposed standard, based on the medical evidence and findings in the federal lawsuit. The court recognized that the standard might exceed existing state standards stating: "[w]e here order Reserve to meet a court-fashioned standard which may exceed the standards of existing air pollution control regulations excepting APC 17." Id. at 539 n. 85.

It is argued by respondents that in order to insure the integrity of this ambient air standard, the federal court must assert jurisdiction over the state permit process. In a sense the state is seeking a type of injunctive relief, attempting to stop the state courts from interfering with the processes of the federal court. There is no showing, however, that any such action by this court is necessary.

The question of standards and regulations imposed by state law is separate from the federal imposed ambient air standard.

 The Minnesota Supreme Court has recognized this in their opinion stating that Reserve and the state are bound by the federal court decisions and specifically this air standard (*Reserve Mining Co. v. Herbst*, 256 N.W.2d 808 at 834). Whether the state agencies can incorporate the federal ambient air standard into the terms of the permit is a question of state law. In any event all parties are bound by this ambient air standard which has been fashioned and properly can be enforced through the federal courts whether incorporated in the permit or not. Therefore, there is no showing that the state court proceedings will interfere with the federal processes and hence there is no basis for the exercise of federal court jurisdiction.

IT IS ORDERED that because this case was removed improvidently and without jurisdiction, petitioners' motion to remand is GRANTED.